UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK CALVERT,

            Plaintiff,

   v.

BEAU FESSENDEN,

           Defendant.

Case No. MC20-70-JCC-MLP

REPORT AND RECOMMENDATION

      On August 12, 2020, judgment creditor Elliott Bay LLC ("Elliott Bay") commenced this action with a motion for judgment debtor examination. (Dkt. # 1.) The Court granted the motion as well as subsequent motions for examination of Defendant Beau Fessenden and his spouse (collectively, "Defendants"). (*See* dkt. ## 3, 10-11.) In the last substantive activity on the docket, the Court granted Elliott Bay's motions to continue examinations to November 19, 2021. (Dkt. ## 19-20.)

      On April 5, 2022, the Court ordered issued an order to show cause by April 15, 2022, why this case should not be dismissed for lack of prosecution. (Dkt. # 21.) In response, Elliott Bay requested that this case not be dismissed because, while "Elliott Bay has made numerous efforts and agreements with the Defendants to pay the Judgment without the need for Court

intervention. . . , the Defendants have ignored all their agreements, thereby forcing Elliott Bay to pursue the usual collection mechanisms, such as supplemental proceedings and garnishments." (Dkt. # 22.) The docket does not, however, reflect any pending motions or requests for Court action related to supplemental proceedings or garnishments. The response does not, therefore, provide a convincing reason why this case should not be dismissed.

It is within the inherent power and discretion of the court to dismiss a civil case for lack of prosecution. Fed. R. Civ. P. 41(b); *see McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991) (failure to prosecute must be unreasonable in order to support dismissal). The Court weighs five factors to determine if involuntary dismissal for lack of prosecution is proper. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Specifically, the Court considers: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Id*. Dismissal is proper where at least four factors support dismissal or where at least three factors "strongly" support dismissal. *Beck v. Pike*, 2017 WL 530354, at *5 (W.D. Wash. Feb. 9, 2017) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).

First, the public's interest in expediting litigation supports dismissal because there has been no apparent progress toward resolution for nearly six months. *See Pagtalunan*, 291 F.3d at 642 ("Given Pagtalunan's failure to pursue the case for almost four months, this factor weighs in favor of dismissal."). Second, the Court's need to manage its docket supports dismissing this case. Moreover, Elliott Bay's efforts to enforce the judgment do not currently appear to involve the Court. Third, there is no apparent prejudice to Defendants in dismissing this case. Prejudice is particularly lacking because it appears Elliott Bay may be using the pendency of this suit to

REPORT AND RECOMMENDATION - 2

exert pressure on Defendants. *See id.* at 643 (Where "delay was unreasonable, . . . this factor weighs in favor of dismissal."). The fourth factor, the public policy to dispose of cases on their merits, supports dismissal because the parties have not indicated there are any issues to determine on their merits. Elliott Bay's vague allusion to potential future supplemental examinations or garnishments is insufficient. Finally, under the fifth factor, the Court considers the availability of less drastic alternatives. Elliott Bay appears to prefer that the Court keep the case open indefinitely, which would severely undermine the interests of expeditious resolution and docket management. No other less drastic alternative is apparent. Accordingly, this factor favors dismissal.

All five factors support dismissal. Accordingly, the Court recommends this case be DISMISSED without prejudice. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 13, 2022**.

Dated this 27th day of April, 2022.

_____
MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3